## Commonwealth v. Fred L. Jayne, Appellant.

*Policemen—Powers of—Act of* 1883—*Arrest on view—Question for jury.*

A policeman appointed by an agricultural society, under the Act of April 26, 1883, P. L. 14, may arrest or eject from the grounds a person guilty of disorderly conduct. He has the powers of a constable and a constable may arrest upon view for disorderly conduct amounting to a breach of the peace.

Whether a breach of the peace existed prior to an arrest, and whether a policeman employed unnecessary degree of force to the injury of the prosecutor are questions for the jury, and it is error to instruct the jury that an arrest by such officer was only justified by disobedience to some rule of such society duly enacted.

Argued Jan. 12, 1899. Appeal, No. 21, Jan. T., 1899, by defendant, from sentence of Q. S. Wyoming Co., Nov. Sess., 1897, No. 17, on verdict of guilty. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by SMITH, J.

Indictment for assault and battery. Before DUNHAM, P. J.

It appears from the evidence that defendant was a policeman appointed by the Wyoming County Agricultural Society under the Act of April 26, 1883, P. L. 14, and at the time of the occurrence of the alleged assault was acting as such officer, during the fair held that year on the society's grounds. The

prosecutor was a hack driver and was conveying persons to and from the fair grounds for hire.   The disturbance in question took place at the conclusion of the races on the last day of the fair, and defendant in the alleged performance of his duty acting as a police officer happened around the gate of the fair grounds and arrested prosecutor.   There was evidence tending to show that the prosecutor was driving his hack in a disorderly manner in the midst of people coming out of the small gate to their imminent peril.

The court charged the jury in part as follows:

[We think, gentlemen, that it is a matter of no great consequence, under the view we take of this affair, whether Mr. Jayne was regularly appointed a police officer or whether he was not.   We think that where the defendant undertakes to justify his action in a matter of this kind on the ground that he had the right to do the acts complained of, that it is incumbent upon him to show that this prosecutor was disobeying some of the rules and regulations of the agricultural society that had been enacted by the authority of that society.] [1]

[There is no allegation upon the part of the defendant that Mr. Turner was engaged in any disorderly conduct, and there has been no evidence given in this case that the agricultural society had ever passed any rules or regulations as to where the people or hackmen should turn in that lane, and we say to you, gentlemen, that the fact that this defendant was a police officer gave him no authority whatever to enact rules and regulations for the agricultural society.   It gave him no authority to tell Mr. Turner where he should turn around in that lane.   He had no more right to say to Mr. Turner that he should turn at one place or another, than Mr. Turner had to say that he would turn at one place or another; and the fact that Mr. Turner disobeyed any instructions given him by the policeman, if he did, afforded no excuse or no justification for Mr. Jayne to interfere with him, unless those instructions were in accordance with rules and regulations that had been issued by the agricultural society, or unless Mr. Turner was engaged in some disorderly conduct.] [2]

[If you believe that this defendant did as it was admitted he did; if you believe that he took Mr. Turner out of the

wagon, as he admits he did, there having been no justification given for it in this case, you should find this defendant guilty.] [3]

[If from this evidence you are satisfied that these acts were committed, you should convict this defendant.] [4]

The jury found a verdict of guilty and [the court entered judgment thereon] [5] imposing sentence as follows:

[June 24, 1898, court sentence defendant to pay a fine of $1.00, costs of prosecution and stand committed until sentence complied with.] [6]

Defendant appealed.

*Errors assigned* were (1–4) to portions of the judge's charge, reciting same. (5) In entering judgment on the verdict. (6) In sentencing defendant, reciting same.

*Chas. E. Terry* and *James W. Piatt*, for appellant.—We respectfully submit that in his charge to the jury the learned judge of the court below ignored two vital questions in the case.

1. That the act of 1883 expressly confers upon a policeman of an agricultural society the power and authority " to eject all persons who shall be improperly within the grounds of said society, or who shall be guilty of disorderly conduct."

2. That any person may interfere to prevent a breach of the peace.

These were peculiarly questions of fact for the determination of the jury.

*W. E. Little* and *E. J. Jorden*, with them *O. S. Kinner*, district attorney, for appellee.—In this case there is a flat issue raised between the court and counsel. The court say, " There is no allegation on the part of the defendant that Mr. Turner was engaged in any disorderly conduct." Counsel say that they did make such allegation.

There are but one of two ways to settle this dispute. You must either take the word of the court or else send down an issue for trial in the common pleas to determine the question.

This case is the result of overofficiousness on the part of the defendant while acting as an officer or agent of the society.

Had he shown as good judgment as did the prosecutor, this case would not have arisen.

A breach of the peace must have proceeded far enough to sustain proceedings against the person, to authorize his arrest without a warrant.

A police officer has no right to order a citizen, whom he has not cause to arrest, to go home, and if he does not go home to arrest him, when no warrant has been issued and no offense committed: Com. v. Stirk, 5 Lanc. Law Rev. 415.

OPINION BY SMITH, J., October 9, 1899 :

The Act of April 26, 1883, P. L. 14, authorizes the appointment of policemen by the managers of any agricultural society, "whose duty it shall be to preserve order within and around the grounds of said society." Among the powers given to such policemen is that of ejecting from the grounds of the society all persons "who shall be guilty of. disorderly conduct, or who shall neglect or refuse to pay the fee or observe the rules prescribed by said society," together with the legal authority of a constable in making arrests.

The defendant in this case was a policeman appointed under the act referred to. The assault and battery for which he is indicted was the arrest of the prosecutor, and his ejection from the grounds of the society. His defense is that the prosecutor was guilty of disorderly conduct, in recklessly driving his hack among persons on foot, endangering their safety.

The trial judge instructed the jury that, to justify the defendant's action in the premises, "it is incumbent upon him to show that this prosecutor was disobeying some of the rules and regulations of the agricultural society that had been enacted by the authority of that society." There being no evidence of such disobedience, or of the existence of such rules or regulations, the jury were instructed that there was no justification, and that if they believed the defendant had committed the assault as charged they should find him guilty.

In this instruction there was error. Disobedience of a rule of the society is not the only offense under the statute for which the offender may be arrested or ejected from the grounds of the society. Disorderly conduct is expressly made a cause, and it was not necessary for the society to enact a rule forbidding disorderly conduct in order to prevent it, or arrest for its commission. The statute gives the policemen the power of a constable

459, (1899).]          Opinion of the Court.

in making arrests, and at common law a constable may, upon view, arrest for disorderly conduct amounting to a breach of the peace. Driving in such a manner as to endanger other persons is unquestionably a breach of the peace. It was for the jury to determine, first, whether the prosecutor was guilty of a breach of the peace, or of disorderly conduct; and, next, whether the defendant, in the exercise of his authority, employed an unnecessary degree of force, to the injury of the prosecutor. If the conduct of the prosecutor was such as to make him legally liable to arrest or ejection from the grounds of the society, the defendant had a legal right to arrest or eject him, and in so doing to use all the force reasonably necessary for that purpose. On the other hand, if the defendant had not this right, or, if possessing it, he exercised it with unnecessary or unreasonable violence, he would be guilty of an assault and battery. The determination of these questions was the province of the jury alone.

Judgment reversed and a venire facias de novo awarded.