## Commonwealth v. Lynch.

S. W. Kirk, district attorney, for Commonwealth.
John P. Sipes, for defendant.

McPHERSON, P. J., March 19, 1931.—The defendant in the above-entitled case was arrested by E. K. Pote, a member of the State Highway Patrol, while in uniform and engaged in the performance of his duty as such patrolman, on March 29, 1930, on a charge of disorderly conduct. The defendant was taken before P. Clarence Mellott, a justice of the peace in and for McConnellsburg, before whom a hearing was had, and the defendant was found guilty and fined the sum of $5 and costs of prosecution.

After hearing, the defendant gave notice of an appeal, and on March 31, 1930, entered a recognizance before the said justice, with surety, in the sum of $50, conditioned that he appear at the next session of court to be held in McConnellsburg, and abide the judgment of the court therein on said appeal, if allowed.

On April 4th, upon petition by the defendant, presented to Hon. J. Charles Fore, Associate Judge of the Court of Quarter Sessions of Fulton County, a rule was awarded on the district attorney to show cause why the appeal by the defendant should not be allowed, returnable April 21, 1930, at 1 o'clock P. M., to be heard at the office of the prothonotary. On the same date the district attorney waived the issuance and service of the rule.

On April 21, 1930, at 1 o'clock P. M., an order was entered allowing the appeal, signed by J. Charles Fore, associate judge, and the defendant was directed to enter into a bond in $50 conditioned that he appear at the next court of quarter sessions and, if found guilty, to pay fine and costs.

Assuming that the associate judge has jurisdiction to issue said rule and dispose of the matter by order entered, we are of the opinion that the rule awarded is insufficient to support an order, because of the failure to make a party to said rule the prosecutor in the case, who, as such, had a right to notice of the rule and a right to be present at the hearing at which the question of the granting of the appeal was adjudicated. The mere issuance of the rule to the district attorney alone is not sufficient to bring the matter properly into court for the purpose of adjudication. It may be noted that the questions raised under the petition are questions of law and, in view of the fact that appeals from summary conviction should be granted sparingly and only in cases where an error in law is made or some injustice would be done by failure to allow the appeal, it would have been better for the matter to have been presented to the court of quarter sessions in banc, particularly in view of the fact that the said court convened for its regular March Sessions of 1930 on Monday, April 21st, at 2 o'clock P. M., one hour after the associate judge heard and disposed of the allowance on the appeal. Assuming, however, that the appeal was properly allowed, the question raised upon preliminary motion filed by the defendant to dismiss the proceedings, is whether a state highway patrolman has a right to make arrests as a peace officer. If he has, the question whether the act charged constituted disorderly conduct which would justify an arrest goes to the merits of the case and can only be disposed of by hearing.

This right is claimed for the patrolmen in pursuance of section 1211 of the Vehicle Code of 1929, which provides as follows:

"Section 1211. Limitation of Authority for State Highway Patrolmen.— Such employees of the Commonwealth as are designated as 'State Highway Patrolmen' are hereby declared to be peace officers, and are hereby given police power and authority throughout the Commonwealth to arrest on view, when in uniform, without writ, rule, order, or process, any person violating any of the provisions of this act."

The first question raised is what is the proper definition of the words "peace officers" as used in this section? Under the Vehicle Code of 1929 it

is provided that for the purposes of the act peace officer shall mean ."a sheriff constable, member of the Pennsylvania State Police, State Highway Patrolman, or other public officer, vested with authority of arrest." The exception provided in section 102 of said act is as follows: "Except in those instances where the content clearly indicates a different meaning."

In construing these words as used in section 1211, it would seem clear that the above definition of these words would not be applicable. If it were, section 1211 would declare that a state highway patrolman is declared to be a sheriff, deputy sheriff, constable, member of the state police, state highway patrolman, or other public officer vested with authority to arrest. This, on its face, is so apparently inappropriate that there should be no question in the mind of anyone that the above definition does not apply. From the above conclusion, the term "peace officer" must be construed as a general descriptive term designating that class of officers who, under the laws of the Commonwealth, are charged with the duties of maintaining peace and order in the Commonwealth, and aiding the enforcement of the criminal law thereof. If this reasoning is applied to the term "peace officer," section 1211 constitutes the patrolmen peace officers of the Commonwealth, and as such, under the law, they are chargeable with the duties above indicated, and in order to perform the same are clothed with the same authority as are other police officers of the Commonwealth, e. g., such as a constable has in relation to the performance of his duty to maintain peace and order. Such authority would include the right of a patrolman to arrest, on view, a person guilty of disorderly conduct which threatened or committed a breach of the peace: Com. v. Jayne, 11 Pa. Superior Ct. 459. In substantiation of this construction of section 1211, it may be noted that provisions identical with those contained in it were contained in section 1215 of the Vehicle Code of 1927. In that code, the general term "peace officer" was not used in the other portions of the act, and the only possible meaning of the phrase so used in section 1215 of the Vehicle Code of 1927 was that of a general term descriptive of an officer charged with the maintenance of peace and order. The reproduction of section 1215 of the Vehicle Code of 1927 in section 1211 of the Vehicle Code of 1929 carries with it a convincing inference that in the latter act section 1211 was intended to mean the same thing as section 1215 of the Act of 1927. It may be noted, too, that section 1211 is subsequent in the Vehicle Code to any other section of the act, from which it may be argued that no such authority was vested thereby in the state highway patrolmen. While in construing the statute it is the duty of the construer to make such a construction as will give effect to all sections of the act, yet if there is a diversity of enactments in various portions of the act which cannot be reconciled and are absolutely contradictory, the duty of the construer is to apply the principle of the law that "the rule, in cases of irreconcilable repugnancy, is to let the last part [of the act] and not the first determine the meaning of the lawgiver:" Packer v. Sunbury Ry. Co., 19 Pa. 211.

In view of the above conclusions we are of the opinion that the state highway patrolmen are constituted peace officers of the Commonwealth and as such have the right to arrest, on view, in the same degree and same manner as any other legally constituted peace officer of the Commonwealth, and the motion to dismiss is, therefore, denied.

Motion to dismiss the prosecution in the above-entitled case is dismissed.