## Commonwealth *v.* Wilson, Appellant.

Argued March 19, 1965. Before Ervin, P. J., Wright, Watkins, Jacobs, and Hoffman, JJ. (Montgomery and Flood, JJ., absent).

*Samuel Dashiell,* for appellant.

*William J. Stevens, Jr.,* Assistant District Attorney, with him *Joseph M. Smith,* Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., April 15, 1965:

Appellant was convicted of the crimes of assault and battery on a police officer, unlawfully resisting arrest and inciting to riot. The arrest upon which the charges hinge took place on Saturday night, August 29, 1964, in an area which was the scene of general public disturbance in Philadelphia. This appeal is from the sentence of the court below, after denying appellant's motions for new trial and arrest of judgment.

The facts, viewed in the light most favorable to the Commonwealth, are as follows: Appellant was standing on a corner at about 11:30 p.m. in a group of 15 or 20 men, shouting and yelling. The group was told to disperse by a police officer in a loud voice "so as to be heard above the noise and shouting." When appellant refused to move, two policemen placed him in their patrol car. At this point, appellant began swinging (hitting an officer in the lip) and kicking (injuring the officer's ankle), all the while whistling and shouting to the crowd, "Don't let them take me. Come on. Don't let them take me. Come on, let's fight. Don't let them push us around." He was then taken to the police station. All this occurred the night after widespread destruction and looting had taken place in the area.

Appellant's only argument in this appeal is that the "trial judge committed reversible error when he refused to charge the jury that a citizen has the right to resist an illegal arrest." Under the factual circumstances of

this case, we agree with the opinion of the lower court that the arrest was lawful.

Appellant was arrested for shouting and yelling to a crowd of 15 or 20 men collected together late at night in a riot-torn neighborhood. This shouting and yelling was seen and heard by the arresting officer. It was his duty to keep the peace, to prevent another outbreak like the one of the night before. He could lawfully arrest appellant without a warrant. *Commonwealth v. Jayne*, 11 Pa. Superior Ct. 459; *Commonwealth v. Rubin*, 82 Pa. Superior Ct. 315 at 321. Thus the trial court committed no reversible error in refusing appellant's point for charge.

Judgments of sentence affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.