NASH *v.* STATE

No. 43265          October 11, 1965          178 So. 2d 867

*J. K. Henry,* Union, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

INZER, J.

Appellant, I. V. Nash, was convicted in the Circuit Court of Scott County on a charge of manslaughter and was sentenced to serve a term of twenty years in the state penitentiary. From this judgment he appeals to this Court.

The indictment upon which appellant was tried charged him with killing Donald Oscar Gilmore by culpable negligence.

Appellant assigns as error on the part of the trial court three grounds. They are: (1) the verdict is contrary to the overwhelming weight of law and evidence, and the verdict is not supported by any law or evidence; (2) the court erred in refusing the requested directed verdict; and (3) the court erred in allowing the introduction of testimony of witness Millard Sistrunck.

■■ ■ The proof on behalf of the state in this case is sufficient to show that on October 26, 1963 Donald Oscar Gilmore was killed as a result of being struck by an automobile driven by appellant. The incident occurred about one-half mile from Sebastapol in Scott County, between the hours of six-thirty and seven o'clock in the evening. At the time Gilmore was struck, he was standing on the left side of his car attempting to repair its voltage regulator. His car was parked on the left side of Highway 21, off the paved portion of the highway, and was headed in a northward direction. The proof further shows that at the time appellant struck deceased with his automobile, he was under the influence of intoxicating liquor and was driving his car at an excessive rate of speed. It shows that the right front fender of appellee's car struck the car of deceased on its left front with such force that it proceeded in a southward direction, striking deceased and instantly killing him. Appellant did not stop his car, and after running some distance in the bar pit on the side of the road, he managed to drive back upon the highway, and left the scene of the accident. He abandoned the car about one-half mile from the scene of the accident, and was later apprehended by the officers near the home of his father. We are of the opinion that there was sufficient competent evidence on behalf of the state to justify the trial court in denying the motion for a directed verdict. ■■ ■ We are also

of the opinion that there was sufficient competent evi-
dence to sustain the conviction, but that the trial court
was in error in overruling the objection of appellant to
testimony of Mr. Millard Sistrunck.

One of the elements of negligence the state attempted
to prove was that appellant was driving his vehicle at
an excessive rate of speed and in a reckless manner. To
support testimony along this line the state introduced
the witness Millard Sistrunck. Over the objection of the
appellant, this witness was allowed to testify that he
saw appellant about noon on the day of the accident;
that at that time appellant was driving the automobile
involved in the accident and turned it around in the
witness's driveway; and that he left there slinging gravel
and going as fast as the car would run. He was also
allowed to testify that he saw appellant again at about
three o'clock in the afternoon before the accident; that
at that time appellant had three other Negroes in the
car with him; that he drove his car through Sebastapol
three times; and that on each occasion he was driving
fast, and when he came to a curve would try to see how
much rubber he could burn off the tires.

The state acknowledges that the assignment of
error relative to this testimony is serious, but contends
the error was not properly preserved by appellant. First
it says that the objection to the evidence was not specific
enough to be availed of for the first time on appeal. We
find no merit in this contention. Appellant objected to
this testimony several times, and asked for a continuing
objection. It is true he did not specifically say that such
evidence violated the remoteness rule, but he did use
such words that were sufficient to point out to the trial
judge that this was one of the grounds on which he was
objecting. Appellant did not cross examine this witness,
and therefore did not waive the objection as was done
in the case of Fielder v. State, 235 Miss. 44, 108 So. 2d
590 (1959), cited by the state. This evidence when con-

sidered in relation to the rest of the case was not admissable for any purpose, and a general objection would be sufficient. Jackson v. State, 163 Miss. 235, 140 So. 683 (1932).

▮▮ Finally the state contends that appellant in his motion for a new trial did not point out to the trial court the error in admission of this testimony, and for this reason it should not be considered by this Court. The state cites in support of this contention the case of Richburger v. State, 90 Miss. 806, 44 So. 772 (1907). An examination of this case reveals that it did so hold, and that it has never been specifically overruled by a decision of this Court. However, the rule announced in this case was abrogated by Mississippi Code Annotated section 1639 (1956), and by the rules of this Court. Rule 6(3) of our former rules provided that the right of review is not dependent upon filing of a motion for a new trial in the trial court. This paragraph was deleted from the rules adopted by us on September 29, 1964, but it was not our intention to. in anywise nullify or change this rule. It had become so firmly established by statute and decision that we did not deem it necessary to retain it any longer as a rule of this Court. See Miss. Rule 6(3) (1952); Miss. Rule 6 (1964).

▮▮ We hold that the assigned error was properly preserved and is properly before us for our decision. In the case of Jones v. State, 248 Miss. 130, 158 So. 2d 730 (1963), we held that it was reversible error for the court to allow a witness to testify as to the speed of an automobile three-fourths of a mile from the point of the accident. We said that the evidence should have been rejected because it violated the rule against remoteness. The trial court was in error in overruling the objection to this testimony, and its admission was highly prejudicial. It no doubt influenced the jury, and in fact, it may have influenced the trial judge to some extent in imposing the sentence in this case. The maximum sentence

was imposed upon the appellant, who is a nineteen-year-old Negro, apparently without previous criminal record.

Because of prejudicial error in the admission of this testimony, the judgment of the lower court must be reversed, and the case remanded for a new trial.

Reversed and remanded.

*Lee, C. J., and Gillespie, Jones and Brady, JJ.,* concur.