**Commonwealth v. Giles**

14

*Oscar F. Spicer*, for the Commonwealth.

*Henry O. Heiser, 3rd.*, for defendant.

MacPHAIL, P. J., July 14, 1972.—This case comes before us in a very unusual manner, but in view of the substantive result, we think the procedural irregularities are of no moment.

Defendant has been indicted on a charge of driving under the influence. The complaint discloses that defendant was arrested by a Gettysburg Borough police officer in Cumberland Township for an offense which was first observed in the borough and continued into Cumberland Township, where defendant was apprehended. Defendant has been given a preliminary hearing before a district justice of the peace and has been bound over for grand jury action. Defendant posted bond for her appearance in court.

The substantive issue is whether the borough policeman could legally arrest defendant outside the borough limits. The procedural problem is how to dispose of this issue prior to trial. Under prior decisions of this court, defendant cannot now attack the irregularity of the proceedings before the district justice of the peace; nor may she move to quash the transcript: see Commonwealth v. Sanders, 10 Adams 46 (1968), and Commonwealth v. Hahn, —— Adams —— (decided March 24, 1972). On the other hand, to proceed to trial without the substantive issue being determined would be expensive and unnecessary if defendant was arrested illegally. The procedural problem does not seem to be clearly covered by any procedural rules. Defendant has filed an application for a pretrial conference under Pennsylvania Rule of Criminal Procedure 311. At that conference, the facts surrounding defendant's arrest were agreed upon and briefs were filed by both parties on the question of the legality of the arrest.

While the procedural posture of this case may be questionable, we will address ourselves to the substantive issue and enter an appropriate order resolving that question.

Section 1121 of The Borough Code of February 1, 1966, P. L. (1965) 1656, 53 §46121, provides that borough policemen may "within the borough or upon property owned or controlled by the borough or by a municipal authority of the borough, whether such property is within or outside the limits of the borough," arrest on view those persons committing certain specified unlawful acts. The Act of August 6, 1963, P. L. 511, 19 PS §11, extends the authority of a borough police officer by providing that such officer may arrest any *felon* for a felony committed within the jurisdiction of the political subdivision employing the officer, as long as he is in "fresh pursuit" of the felon, even though the actual arrest occurs outside of his jurisdiction. Those two statutory provisions would seem to render invalid the arrest in the case now before us. At least they would not authorize that arrest.

The Commonwealth calls to our attention the provisions of the Act of April 29, 1959, P. L. 58, sec. 1204, 75 PS §1204, which authorizes police officers, when in uniform and displaying a badge or other sign of authority, to arrest upon view any person violating any of the provisions of The Vehicle Code where the offense is designated a felony or a misdemeanor. Of course, the offense with which we are now concerned is a misdemeanor under The Vehicle Code. However, we are inclined to believe that the purpose of section 1204 was to give municipal police officers and others the authority to make arrests *within their jurisdiction* for violations of The Vehicle Code. Without that statutory provision, it is doubtful that borough police

officers could make arrests for violations of The Vehicle Code. On the other hand, we simply cannot conceive that the legislative intent of section 1204 was to authorize an arrest anywhere in Pennsylvania by a Gettysburg borough policeman who was in uniform, etc.

In Commonwealth v. Diventi, 46 D. & C. 2d 252 (1968), a borough police officer observed an overweight vehicle in the borough and pursued the vehicle into an adjoining township, where the arrest was made. Notwithstanding the provisions of section 903 of The Vehicle Code which authorizes "all peace officers" to arrest on view for violations of the overweight provisions of The Vehicle Code, it was held that that provision was not, and could not be, construed as an extension of the authority of a borough police officer to arrest outside the borough limits.

In Commonwealth v. Owens, 37 Northamp. 30 (1963), the Chief of Police of an adjoining township clocked (and presumably arrested) defendant in the Borough of Wind Gap. It was held in that case that the provisions of the Second Class Township Code making a township policeman an ex officio constable did not thereby enlarge the power of a township policeman to make arrests beyond the jurisdictional limits of their own particular townships.

On the basis of the foregoing, we conclude that there is no statutory language which would authorize the arrest in this case.

At common law, however, a private citizen could arrest without warrant anyone who was committing a breach of the peace in the citizen's presence: Samuel v. Blackwell, 76 Pa. Superior Ct. 540 (1921); Wharton's Criminal Law and Procedure, Vol. 4, sec. 1603. In Commonwealth v. Jayne, 11 Pa. Superior Ct. 459 (1899), it was said at page 463: "Driving in such a

manner as to endanger other persons is unquestionably a breach of the peace." In Commonwealth v. Glasgow, 21 Lehigh 80 (1944), it was held that the commission of a misdemeanor on a public highway is a breach of peace. Finally, it was held in Commonwealth v. Magaro, 175 Pa. Superior Ct. 79 (1954), that "breach of the peace" includes *all* indictable offenses. On that authority, we conclude that driving while under the influence on a public highway is a "breach of the peace" in Pennsylvania. We then conclude that a private citizen could have arrested defendant in this case had the breach of the peace occurred in that citizen's presence.

It would appear anomalous to hold unlawful an arrest made by a peace officer when the same arrest by a private citizen clearly would have been lawful. See People v. McCarty, 164 Cal. App. 2d 322, 330 P.2d 484 (1958), and Nash v. State of Mississippi 253 Miss. 715, 207 So.2d 104 (1968). Thus, in Restatement of Torts 2d, §121, a peace officer is authorized to arrest without warrant in the same circumstances where a private citizen could lawfully make such an arrest.

Accordingly, we hold that the arrest of defendant in the within case was not invalid by reason of the fact that it was made by a Gettysburg Borough police officer in Cumberland Township.

## ORDER OF COURT

And now, July 14, 1972, under the provisions of Pa. R. Crim. P. 311, the Commonwealth and defendant having agreed that there is a jurisdictional question in this case, to wit: whether a borough police officer may legally arrest someone for driving while under the influence when the operator of the vehicle was observed operating that vehicle in an erratic manner

in the borough by a borough police officer and then pursued by that borough police officer into the adjoining township where she was apprehended, and the Commonwealth and defendant having agreed that defendant was arrested in Cumberland Township by a Gettysburg Borough police officer while in fresh pursuit of defendant and defendant having raised the issue of the legality of the arrest of defendant, and this court being of the opinion that defendant's arrest was valid for the reasons hereinbefore stated, it is ordered that defendant's pretrial application for relief be denied.