BROOM, Justice:
This appeal is from the Circuit Court of the First Judicial District of Hinds County, Mississippi. The central issue underlying the appeal is whether the trial judge erred by admitting into evidence the building code of the City of Jackson. We reverse.
Mrs. Batson, the appellee, went to the Kroger store in Triangle Mart Shopping Center in Jackson on December 22, 1970, to buy groceries for her Christmas dinner. After leaving the store, she walked across the sidewalk in front of the store to a ramp. The ramp was declining or sloping downward. Its purpose was to aid shoppers who pushed carts from the store to the parking area. As she walked down the ramp, appellee fell and suffered a fractured ankle. The ramp was not equipped with handrails. It had also been recently painted, but no non-slip or roughening material had been applied to the surface.
On January 11, 1972 appellee filed a declaration against the Kroger Company and the property owners (appellants), William Alexander Gowan, III, et al. in which she alleged that her damages were the result of their negligence. After the appellants filed their answer, an amended declaration was filed by appellee. She alleged that the appellants were negligent (1) in constructing and maintaining the ramp in violation of section 3306 of the Building Code of the City of Jackson, Mississippi, and (2) in not warning Mrs. Batson of the slippery condition of the ramp. Responsively the appellants filed a motion to strike the portions of the amended declaration which alleged violations of the building code. The motion was overruled, and the appellants filed an answer to the amended declaration. Upon trial of the issues, Kroger was exonerated by the jury whose verdict was against the appellants in the amount of $50,000. Appellants’ motion for a judgment notwithstanding the verdict or, in the alternative, a new trial was overruled and this appeal followed.
Any question as to the sufficiency of proof to establish negligence was not argued, and we do not deem it appropriate to deal with or decide such question here.
I.
Decisive of this case are the questions of whether or not the building code is applicable to the case, and whether or not appellants effectively waived any objection they might have had to the introduction of testimony concerning the building code. Admittedly the appellee’s injury was subsequent to the effective date of the code.
The general purpose of the building code, as stated in “Sec. 102” thereof, is to provide minimum standards of construction in order to protect persons and property. Whether injury or damage is incurred inside or outside the building is of no consequence, if the cause of the injury or damage is a result of a violation of applicable code provisions. However, the general purpose of the code is modified by the specific purposes set out in the individual chapters. The sections of the code cited by appellee are found in chapter 33. The purpose of that chapter, as set out in “Sec. 3301.(a),” is to provide certain standards for “occupants of buildings” only.
We note that the original declaration herein stated that the ramp was “between the front entrance to the Kroger store and the parking lot.” Obviously the ramp was not physically within the enclosed area of the Kroger store but led from the sidewalk in front of the Kroger store to the parking lot. The amended declaration of the appel-lee alleges that appellants violated standards of design set forth in the building code. Specifically the building code, if applicable or relevant, would have required a certain slope or elevation of the ramp, and handrails, and non-slip or roughening material on the surface of the ramp, if the slope exceeded a certain elevation. The ramp was not covered by the roof which *470 covered the sidewalk at the entrance to the Kroger store.
Appellee alleges in paragraph eight of her amended declaration that after finishing her shopping “she left Kroger’s.” The building code being applicable only to people in the category of occupants of a building certainly did not apply to appellee here, where according to her own declaration and testimony, she had left the store and was injured on a ramp out on a parking lot. Such allegations and' testimony completely negated her being within the purview of the code which by its terms is directed toward “Occupants.”
Before the trial began, appellants’ motion to strike the allegations of the amended declaration referring to the building code was erroneously overruled. Throughout the trial the appellants objected to and had a continuing objection noted to any testimony related to the building code. The case will have to be reversed because the jury received much testimony about the building code which was not applicable to the ramp on which the appellee slipped and was injured.
II.
Appellee contends that the appellants waived their objection to admitting the building code into evidence by cross-examining one of appellee’s witnesses, the architect, Mr. Mitchell, about the code.
Appellee’s argument of waiver in this regard is not efficacious. Nowhere in the trial did the appellants do anything that was inconsistent with their objection to the building code. They objected to any testimony about the building code and noted a continuing objection. The rule is clearly stated in 89 C.J.S. Trial § 661 at page 504 (1955), as follows:
Error in the admission of evidence is not waived by conduct not amounting to an express or implied assent to the reception of the evidence.
Appellee cites as authority that the appellants waived testimony pertaining to the building code the case of Ellington v. Eley, 56 So.2d 796 (Miss.1952). That case is factually distinguishable because there the controversial testimony was the expert opinion of a patrolman and his testimony was properly admissible. Here, the controversial matter, the code, was completely lacking in relevancy and was per se inadmissible. Surely here where appellants had a continuing objection, they did not waive testimony about the building code by cross-examining the architect, Mitchell, with reference to what he had said (over their objection) on direct examination about the building code. It is not logical, practical or fair to hold that when a witness is permitted over objection to give improper testimony that the other side must bear the brunt of the damage of such improper direct testimony, and not be permitted to minimize or mitigate it in any sense by cross-examination. 53 Am.Jur., Trial § 144 at page 129 (1945). See also 53 Am. Jur., Trial § 146 at page 131, which says it “approaches disrespect for the ruling of the court” to continuously object to testimony which the trial court has said is proper.
The appellee asserts waiver here also by reason of the fact that her instruction number twelve embodied the code standards pertaining to the attributes of the ramp. Appellee says that waiver applies because the appellants did not object to the jury instruction referred to after ap-pellee inserted in the instruction “if you believe from a preponderance of the evidence that the quoted portions of the building code are applicable to the ramp in question.” ' At the time jury instructions were received by the jury, the jurors had already heard extensive testimony about the requirements of the building code provisions pertaining to ramps. The mere fact that appellants did not specifically object to the instruction number twelve was not so inconsistent with their pretrial motion to strike all references to the code, and *471 subsequent continuing objections thereto during the trial, as to constitute waiver. Before the testimony was concluded, reversible error occurred by allowing appel-lee to indicate repeatedly (over appellants’ objections) that the building code was applicable.
The trial judge had ruled from the time he heard the pretrial motion to strike from appellee’s declaration all reference to the code, and throughout the trial, that the code was admissible. Quite logically the jury instructions were prepared within the framework of and in accordance with evidence which the trial court had ruled was relevant and admissible. Here it is to be noted that the appellee’s jury instruction number twelve which embodied requirements of the code had interlined “if . applicable.” Of course, the trial court had said the code was applicable. Predicated upon such evidentiary rulings, counsel for both sides would be entitled to submit to the jury instructions which would make reference to any testimony previously adjudicated to be relevant. Appellants’ continuing objection to all testimony related to the code was never withdrawn or affirmatively surrendered.
Had appellants again raised the question of relevance and admissibility of the code by objecting to instruction number twelve, and had such objection been sustained and the instruction not given, reversible error would still have already transpired. This is so because under the facts and circumstances of this particular case it cannot logically be concluded that the verdict of the jury was not the result of testimony to the effect that the appellants were negligent by their failure to construct the ramp with attributes prescribed by the building code¡ Fairness requires that appellants be afforded a new trial free of any evidence to the effect that they were liable for not adhering to the irrelevant code in constructing the ramp.
While it would not have been completely out of place or unseemly trial strategy for appellants’ counsel to have dictated into the record their- objection to instruction number twelve, their failure to do so did not upon the peculiar facts and circumstances of this particular case amount to any effective waiver of the previous errors pertaining to the building code. The injection and introduction of the inapplicable and irrelevant code was highly prejudicial. We cannot conclude that its effect was less than devastating upon any defense that the appellants attempted to interpose. This is not saying that appellants would not have waived any damaging effect resulting from a faulty instruction (not objected to) concerning some irrelevant or inadmissible matter upon which the trial court had not previously ruled.
For the foregoing reasons, the case will be reversed and remanded.
Reversed and remanded.
GILLESPIE, C. J., and SMITH, ROBERTSON and SUGG, JJ., concur.