470 So.2d 1046 (1985)
Charles Lance HUGHES
v.
STATE of Mississippi.
No. 54736.
Supreme Court of Mississippi.
May 29, 1985.
William Cliff Heaton, Neblett, Bobo, Chapman & Heaton, Clarksdale, H.R. Garner, Garner & Garner, Hernando, for appellant.
Bill Allain, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:
That an accused should be put to trial only for that with which he has been formally charged has long been accepted in our society. The accused is said entitled to reasonable advance notice of the charges he must answer at trial. The jury's attention should not be deflected nor its passions inflamed by evidence of other illegal or otherwise anti-social conduct of the defendant. *1047 Against this backdrop we enforce in the courts of this state a rule prohibiting presentations to the jury of any such extraneous evidence.
This appeal arises out of a charge of the sale of marijuana. In addition to the formal charge, the prosecution injected into the proceedings the idea that the accused was dealing in marijuana on other occasions and further that he participated in a romantic relationship with a woman contrary to prevailing community mores. Because these extraneous matters infected impermissibly the fairness of the proceedings leadings to the conviction below, we reverse.

II.
On the night of June 10, 1981, at the Ponderosa Club in Clarksdale, Mississippi, at approximately 11:15 p.m., state narcotics Agent D.C. Washington purchased just over an ounce of marijuana from Charles Lance Hughes, Defendant below and Appellant here. In Washington's words:
I heard Lance Hughes advise that the drugs  he did have drugs, but they were outside. At that time, the confidential source and myself and Lance Hughes walked from the entertainment part of the Ponderosa or where they have music and dance, out [the] east door, which would be standing in front of the Ponderosa Club, it would be a door around to the left side of the building. We walked out that door, and we walked to a green and white Dodge van with Yalobusha County license plates on it. Lance Hughes reached under the passenger  opened the door and reached under the passenger side of the seat and brought out a sandwich bag containing a green leafy substance which appeared to be marijuana and which he handed to the confidential source. The marijuana never left my sight. I took the marijuana from the confidential source's hands, and I handed Lance Hughes a Twenty Dollar U.S. Capitol Federal Reserve Note for $20.00 in cash.
R. 89.
In an indictment filed July 7, 1984, the grand jury of Coahoma County, Mississippi, charged Hughes with the sale of more than one ounce of marijuana in violation of Miss. Code Ann. § 41-29-147 (Supp. 1982). At trial the prosecution's case consisted primarily of the testimony of Agent Washington. The only other prosecution witness was a forensic scientist whose testimony showed that the green leafy substance Agent Washington had been sold was marijuana.
Charles Lance Hughes took the stand in his own defense and flatly contradicted Agent Washington. Other defense witnesses supported Hughes by contradicting what Agent Washington said Hughes looked like at the time in question, the type of vehicle he drove, and even his whereabouts.
After hearing all the evidence and being duly instructed, the jury returned a verdict of guilty.

III.
The dispositive assignment of error arises out of the State's subtle but effective effort to try Hughes for offenses other than the charge in the indictment, the sale of more than one ounce of marijuana on June 10, 1981. Specifically, the State put before the jury (a) the fact that after the date in question Hughes stated to Agent Washington that he had some "homegrown" marijuana, and (b) that Hughes was living with a woman without benefit of marriage.
First, the District Attorney asked Hughes on cross-examination whether he had stated to a narcotics agent that he had some "homegrown" marijuana. The incident was said to have occurred after June 10, 1981, and at a local nightspot known as the Easy Rider. Over the objection of defense counsel, Hughes was required to answer and denied any such conversation.
Thereafter, the State called the agent, D.C. Washington, in rebuttal and had Washington contradict Hughes' denials. The net effect of all of this was to put *1048 Hughes on trial for possession of "homegrown" marijuana on an occasion separate and apart from the June 10, 1981, incident charged in the indictment. This is proscribed by our well-settled rule that in a criminal trial evidence of criminal acts unrelated to that charged in the indictment and with respect to which the accused has not been convicted may not be shown. West v. State, 463 So.2d 1048, 1051-52 (Miss. 1985); Tucker v. State, 403 So.2d 1274, 1275 (Miss. 1981); Walls v. State, 326 So.2d 322, 326 (Miss. 1976).
To be sure, there are exceptions to the general rule. One of those exceptions is that evidence of other crimes may be shown where such is substantially necessary in order to establish the identification of the defendant. It is true that in the case at bar the identification of Hughes was at issue. Hughes denied ever seeing Agent Washington and put in sharp issue Washington's ability to identify him. In this connection, the State had the right to show that Washington had seen Hughes on another occasion and was sufficiently familiar with Hughes so that he could make a positive identification. It would have been quite proper for the prosecuting attorney to have elicited from Agent Washington that he had seen Hughes on another occasion and that this was at the Easy Rider Restaurant.
The point is that the evidence necessary to establish Washington's ability to identify Hughes could easily have been presented without any mention of Hughes' having some "homegrown" marijuana. In cross-examining Hughes, however, and in calling Agent Washington in rebuttal, the State went far beyond what was reasonably necessary and interjected the reference to Hughes possessing "homegrown" marijuana. When the trial judge refused to sustain Hughes' objections, he committed error.
The District Attorney compounded the felony in his cross-examination of Hughes when he inquired as to whether Hughes was "living with a woman". Whether Hughes was living with a woman was a matter wholly immaterial to the charge in the indictment that on June 10, 1981, Hughes committed a sale of more than one ounce of marijuana. Our cases recognize that such accusations by the prosecuting attorney are improper and may require reversal. See Smith v. State, 457 So.2d 327, 335 (Miss. 1984) (prosecutors making an accusation that accused had habitually engaged in prostitution reversible error); Sumrall v. State, 272 So.2d 917, 919 (Miss. 1973) (prosecutor asking if "living with" girl held reversible error); Wood v. State, 257 So.2d 193, 199 (Miss. 1972) (held improper to attack witness using immorality of previous life).
On appeal the State offers no excuse for the "living in sin" questions. Instead, the State argues that no contemporaneous objection was made. Our review of the record reflects, however, that this testimony came in under a continuing objection which the trial judge had allowed defense counsel.[1] The testimony regarding Hughes' living in sin with a woman followed upon the heels of the questions about possessing "homegrown" marijuana. After having made a number of specific objections, there had been a bench conference, at the conclusion of which the following colloquy occurred:
MR. WEBSTER: Would the Court note a continuing objection?
THE COURT: All right. The Court would note that counsel for the defense has made a continuing objection to this line of testimony in question.
At issue here is a question of fundamental fairness. Hughes was charged in an indictment with the sale of more than *1049 one ounce of marijuana. He was entitled to have his right to retain his liberty judged by reference to whether he be proven guilty beyond a reasonable doubt of that offense, and of that offense only. When proof of a wholly unrelated drug offense plus proof that Hughes was having an illicit relationship with a woman without benefit of marriage were placed before the jury, the chance that Hughes would be found guilty by reason of factors extraneous to the charge in the indictment was substantially increased in a legally impermissible way. We reverse and remand for a new trial. See Gallion v. State, 469 So.2d 1247, 1249 (Miss. 1985). In this context, we find it unnecessary and inappropriate that we comment upon any other assignments of error tendered by Hughes.
REVERSED AND REMANDED
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
WALKER, P.J., takes no part.
NOTES
[1] The "continuing objection" is a means we have recognized as being available to a party which effectively preserves error for purposes of appeal. Gowan v. Batson, 288 So.2d 468, 470 (Miss. 1974); Nash v. State, 253 Miss. 715, 719, 178 So.2d 867, 868 (1965). This procedure avoids cumbersome repeated individual objections to a series of related questions and protects the objecting party from the prejudice at the hands of the jury many believe often flows from repeated objections.