503 So.2d 281 (1987)
Roosevelt Dexter ARMSTEAD
v.
STATE of Mississippi.
No. 56899.
Supreme Court of Mississippi.
February 25, 1987.
*282 Howard Bass, Greenville, for appellant.
Edwin Lloyd Pittman, Atty. Gen., by Deirdre D. McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and PRATHER and SULLIVAN, JJ.
PRATHER, Justice, for the Court:
Roosevelt Dexter Armstead was convicted in the Circuit Court of Washington County of burglary of a dwelling and attempted rape. From those convictions he appeals. This Court affirms in part and reverses in part.

I.
In March of 1985, sixteen-year-old Tammy Rhodes (prosecutrix) lived at 811 West Gloster Street in Greenville, Mississippi with her aunt, Lillie Jefferson, and Lillie's four children. According to Tammy, Roosevelt Armstead, an acquaintance of Lillie Jefferson, paid a call to Lillie's house at approximately 8:00 p.m. on March 26, 1985. Once he found Lillie was not home, Armstead left a message and departed.
Later that evening, after she had locked the doors to the house and had gone to bed, Tammy was awakened by a "door knob rattling." Tammy walked from her bedroom into the den where she found Armstead standing inside the door, holding a fork.
According to Tammy, she turned to run but Armstead grabbed her by the neck and pushed her into a bedroom where the children were sleeping. Armstead then pushed her into her aunt's bedroom and onto her aunt's bed. Having Tammy pinned on the bed, Armstead rubbed his hands over Tammy's body.
A struggle ensued which took Armstead and Tammy from the bed to the floor and back several times. According to Tammy, Armstead tried to stab her with a fork and with a butcher knife that one of Tammy's cousins brought into the room. Also, Armstead slipped his hand into Tammy's panties and threatened to kill her and to rape her if she did not stop screaming.
After approximately thirty minutes of struggling, Armstead left the house with the butcher knife in hand. The next day Armstead was arrested and charged with attempted rape and burglary of a dwelling.
At his trial, Armstead testified that Tammy had voluntarily let him in the house that evening to watch television. According to Armstead, he kissed Tammy on the neck and Tammy offered no resistance. Encouraged by Tammy's reaction, Armstead attempted to "lay her back" on the couch, but she became uncooperative. According to Armstead, a struggle ensued during which Tammy tried to stab him with a fork. Eventually Armstead wrestled the fork away from Tammy and left the house.
Armstead was found guilty on both charges and was sentenced to serve consecutive prison terms of ten years for attempted rape and fifteen years for burglary.

II.

Was the indictment for attempted rape fatally defective?
The offense of attempted rape is defined under our law by a combined reading of Miss. Code Ann. § 97-3-65(2) (Supp. 1986) and Miss. Code Ann. § 97-1-7 (1972). Harden v. State, 465 So.2d 321, 323 (Miss. *283 1985). A person is guilty of attempted rape if he:
[S]hall design and endeavor to commit [a rape], and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same... .
Id.
Prior to the trial of the present case, appellant filed a demurrer to the attempted rape indictment, but the trial court overruled. In both his demurrer and his post-trial motions, appellant argued the attempted rape indictment was fatally defective because it failed to allege that appellant possessed the requisite intent to commit the offense.
The indictment in question alleged that appellant "unlawfully, wilfully, feloniously, and forcibly did attempt to rape and ravish Tammy Rhodes ... against the will and without the consent of Tammy Rhodes... ."
All questions regarding the sufficiency of indictments are determinable by reference to Rule 2.05, Uniform Criminal Rules of Circuit Court Practice. Harden, 465 So.2d at 324. The rule articulates seven elements to be included in any indictment, none of which are at issue in this case, and directs:
The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation against him. Formal or technical words are not necessary in an indictment, if the offense can be substantially described without them.
Rule 2.05 requires notification in fact of the nature of the charge against the defendant and out of what transaction or occurrence arose. If an indictment reasonably provides the accused actual notice and includes the seven specific enumerated items, it is sufficient. Perkins v. State, 487 So.2d 791, 792 (Miss. 1986); State v. Peoples, 481 So.2d 1069, 1070 (Miss. 1986); Harbin v. State, 478 So.2d 796, 799 (Miss. 1985); Hines v. State, 472 So.2d 386, 390 (Miss. 1985); Harden v. State, 465 So.2d 321, 324 (Miss. 1985).
Although the present indictment did not include the term "intent," it did charge appellant with "wilfully and feloniously" attempting a rape. This Court holds the indictment was sufficient to fully notify the defendant of the nature and cause of the accusation against him and that the trial court committed no error on this point.

III.

Did the trial court err by permitting the prosecutor to engage in an improper line of questioning concerning the immorality of the appellant?
During the direct examination of state's witness Lillie Jefferson, Ms. Jefferson testified she had never had sexual intercourse with appellant and that she had never accepted a watch from appellant in exchange for sexual favors. The appellant raised no objection to that testimony.
When appellant took the stand, he testified he was married and had two children, with his wife expecting a third. Appellant then testified concerning two acts of sexual intercourse in which he allegedly engaged with Lillie Jefferson. According to appellant's testimony, the second act of sexual intercourse with Ms. Jefferson was in exchange for a watch, but appellant testified he reneged on the deal.
On cross-examination, appellant was asked by the prosecutor, "Do you feel as though, Mr. Armstead, that what you have testified here to today, which is sexual relations with Lillie Jefferson while you were married and attempt to have sexual relations with Tammy Rhodes while you were married, is this something that goes on often during your marital life?"
The defense attorney objected, but was overruled. He subsequently requested a continuing objection.
Appellant was next asked by the prosecutor, "Mr. Armstead, the night that you went over to see Tammy, there is no doubt about the fact that you were married then; right?"
*284 Appellant now contends the prosecutor's questions were highly prejudicial and induced the jurors to convict him based on factors extraneous to the charges in his indictments.
Appellant relies on Hughes v. State, 470 So.2d 1046 (Miss. 1985). In Hughes, a defendant indicted for the sale of marijuana was examined by the prosecutor concerning another marijuana-related incident and the fact that the defendant lived with a woman without the benefit of marriage.
This Court reversed the conviction in Hughes, holding:
When proof of a wholly unrelated drug offense plus proof that Hughes was having an illicit relationship with a woman without benefit of marriage were placed before the jury, the chance that Hughes would be found guilty by reason of factors extraneous to the charge in the indictment was substantially increased in a legally impermissible way.
Id. at 1049.
The present case is distinguishable from Hughes because the adulterous escapades of the appellant were first explored by the appellant himself as part of his defense. Appellant was apparently attempting to prove Lillie Jefferson, aunt of the prosecutrix, was biased against him because he reneged on his promise to give her a watch in exchange for sex. A defendant is not prejudiced by testimony concerning his behavior prior to the indictment in question where he himself testifies to that behavior. Butler v. State, 375 So.2d 1039, 1041 (Miss. 1979).
In addition, the testimony elicited by the prosecutor was much less graphic or inflammatory than the testimony already given by appellant himself on direct examination.
For those reasons, this Court holds this assignment of error is without merit.

IV.

Did the trial court impermissibly pyramid multiple punishments growing out of the same set of operative facts?
Appellant was charged in two single-count indictments, one for burglary of a dwelling, the other for attempted rape. The cases were consolidated for trial upon the appellant's motion. After his conviction on both charges, appellant was sentenced to consecutive fifteen and ten year prison terms.
Appellant contends the consecutive prison sentences are contrary to this Court's holding in Thomas v. State, 474 So.2d 604 (Miss. 1985). In Thomas, the defendant was indicted, in a single multi-count indictment, for burglary, attempted rape, and attempted sexual battery. The defendant was convicted of burglary and of attempted rape and was sentenced to consecutive prison terms of fifteen and ten years.
Expressing its chagrin with the multi-count indictment, this Court reversed and vacated the ten year sentence for attempted rape stating, "The history of our disapproval of the multi-count indictment has been recited in several recent cases, and need not be recounted here. Suffice it to say that the `pyramiding' of multiple punishments growing out of the same set of operative facts constitutes reversible error in this state." Id. at 605.
Appellant in the instant case contends his convictions grew out of the "same set of operative facts" and thus he is entitled to protection under Thomas. This Court disagrees.
A defendant may be prosecuted for both burglary and attempted rape even though the two charges arise out of the same occurrence or sequence of events and even though there is an element common to each crime. Smith v. State, 429 So.2d 252, 253 (Miss. 1983). Likewise, upon such convictions, separate and consecutive sentences may be imposed. Missouri v. Hunter, 459 U.S. 359, 365, 103 S.Ct. 673, 677, 74 L.Ed.2d 535, 542 (1983); Pharr v. State, 465 So.2d 294, 300 (Miss. 1984).
Since the convictions of burglary and attempted rape in the instant case arose from separate indictments, and not a single multiple-count indictment, this Court holds Thomas v. State is distinguishable.
*285 Furthermore, consecutive prison sentences are authorized by Miss. Code Ann. § 99-19-21 (Supp. 1986) which states:
When a person is sentenced to imprisonment on two (2) or more convictions, the imprisonment on the second, or each subsequent conviction shall, in the discretion of the court, commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the preceding conviction.
For those reasons, this assignment of error is without merit.

V.

Did the trial court err in refusing jury instruction D-9?
Implicit in the verdict finding a defendant guilty of attempted rape is the finding he was guilty of the constituent offense of simple assault. Aikerson v. State, 295 So.2d 778, 781 (Miss. 1974); Williams v. State, 489 So.2d 690, 691 (Ala. Crim. App. 1986); Holloway v. State, 360 So.2d 140, 141 (Fla. Dist. Ct. App. 1978).
Jury instruction D-9 would have informed the jury it could consider a conviction of simple assault if the jury could not find the defendant guilty beyond a reasonable doubt of attempted rape. Finding a defendant guilty of a lesser included offense is statutorily authorized in Miss. Code Ann. § 99-19-5 (1972).
Instruction D-9 was refused by the trial judge who stated, "Well, where you have got testimony where he said `I will rape you' and had his hand in her britches ... in her panties, I don't think there is any doubt about the fact."
In Gates v. State, 484 So.2d 1002, 1004 (Miss. 1986) this Court reaffirmed the standard for considering lesser included offense instructions announced in Harper v. State, 478 So.2d 1017 (Miss. 1985):
[A] lesser included offense instruction should be granted unless the trial judge  and ultimately this Court  can say, taking the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of the lesser included offense (and conversely not guilty of at least one essential element of the principal charge).
Id. at 1021. See also, Harbin v. State, 478 So.2d 796, 799 (Miss. 1985); Lee v. State, 469 So.2d 1225, 1230-31 (Miss. 1985); and Fairchild v. State, 459 So.2d 793, 801 (Miss. 1984).
The trial judge employed an improper standard for determining whether appellant was entitled to instruction D-9. Instead of considering the evidence most favorable to the appellant, the trial judge considered the evidence most favorable to the state.
The evidence most favorable to appellant was his own testimony that he kissed the prosecutrix on the neck and tried to "lay her back on the couch." Afterward, a physical struggle ensued between them during which appellant twice bit the prosecutrix in a struggle over a fork. According to the appellant, he realized the prosecutrix wished not to engage in further sexual activity, so he left the house. Furthermore, appellant expressly denied putting his hand in the prosecutrix's underclothes or threatening to rape her.
Simple assault is defined in Miss. Code Ann. § 97-3-7 (Supp. 1986) as follows:
(1) A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm... .
Had the jury rejected the evidence presented by the state and accepted as true the testimony of the appellant, the jury could have returned a simple assault conviction. The evidence in this case is not such that it would justify a conviction of attempted rape only.

*286 VI.
Because simple assault is a constituent offense of attempted rape, the Court holds the trial court committed reversible error in refusing jury instruction D-9 when there was testimony to support a simple assault instruction.
Regarding the conviction for burglary, the Court holds that simple assault is not a constituent offense of burglary of a dwelling. Therefore, the conviction of burglary and the sentence of fifteen (15) years in the custody of the Mississippi Department of Corrections should be and is hereby affirmed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, and GRIFFIN, JJ., concur.
DAN M. LEE, J., concurs in result only.