262 So.2d 179 (1972)
J.P. TERRELL
v.
STATE of Mississippi.
No. 46810.
Supreme Court of Mississippi.
April 17, 1972.
Jake L. Abraham, Port Gibson, Fred C. Berger, Natchez, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
JONES, Justice.
Appellant was indicted for murder and was convicted of manslaughter. He appeals, and we affirm.
The State's case showed that on the afternoon of Sunday, October 25, 1970, persons, including appellant and Robert O'Quinn (O'Quin), were in the area of a store known as Anderson's Store, which is located near the line between Claiborne and Copiah Counties.
Robert O'Quinn, the deceased, joined a group of men near the store; and appellant, who had been standing a short distance *180 away, came in between Robert O'Quinn and his nephew, Robert Lee O'Quinn. Robert O'Quinn spoke to appellant and patted him on the shoulder with his left hand. Appellant is shown to have said, "I thought I told you about talking to me when you are dipping that snuff, and putting that snuff on my clothes." Thereupon, the appellant pulled a gun from his belt and shot Robert O'Quinn, the bullet striking him beneath the left eye. O'Quinn died immediately. The testimony was to the effect that the deceased was unarmed.
A special venire was summoned, and a motion was made to quash the special venire and the regular venire. As we understand this motion, it was asserted that the jurors, having been furnished questionaires in accordance with the statute, had no place to write their answers on the questionaires except the arms of the chairs in which they were seated. For some reason, it is claimed that the jury should have been quashed because of the manner in which they were required to answer the interrogatories. No prejudice to appellant is shown. It is agreed that some of the jurors were excused because they could not write, and one or two jurors were excused because they could only sign their names. Insofar as we can find, no prejudice to the defendant is asserted or shown.
Section 1762 Mississippi Code 1942 Annotated (Supp. 1971) prescribes the qualifications of jurors, one of which is that he is able to read and write. This statute, prior to the amendment hereinafter mentioned, was held constitutional in Reed v. State, 199 So.2d 803, 806 (Miss. 1967), cert. denied, 390 U.S. 413, 88 S.Ct. 1113, 19 L.Ed.2d 1273 (1968).
Subsequently, in 1970, the statute was amended so as to add the following:
In order to determine that prospective jurors can read and write, the presiding judge shall with the assistance of the clerk distribute to the jury panel a form to be completed personally by each juror prior to being empaneled as follows:
"1. Your name _________________________________
 Last First Middle
 initial
2. Your home address _____________________
3. Your occupation _______________________
4. Your age ______________________________
5. Your telephone number _________________
 If none, write none
6. If you live outside the county seat,
the number of miles you live from
the courthouse ________________________
 Miles
 _________________________
 Sign your name"
The judge shall personally examine the answers of each juror prior to empaneling the jury and each juror who cannot complete the above form shall be disqualified as a juror and discharged.
A list of any jurors disqualified for jury duty by reason of inability to complete the form shall be kept by the circuit clerk and their names shall not be placed in the jury box thereafter until such person can qualify as above provided.
With the infinite variety of cases now in our courts and the multitude of written documents entered into evidence, the requirement that a juror be able to read and write is a reasonable and nondiscriminatory regulation which operates equally against all persons tried by juries. No advantage is afforded to the State which is not also afforded to the defendant. This requirement is just as essential to the State's obligation to afford the accused a fair trial as it is to assure a fair trial for the State. State v. Comeaux, 252 La. 481, 211 So.2d 620 (1968). We are acquainted with no authority to the contrary.
The question was not raised by the men who had to use the chair arms to answer their interrogatories, and the appellant has shown no prejudice. The court properly overruled the motion to quash.
*181 In Copiah County, a suit for damages for the wrongful death of Robert O'Quinn had previously been filed against the appellant. Appellant takes exception because the lower court sustained objections to questions propounded to State witnesses as to whether they had any interest in this civil suit. The deceased had a wife. Of course, the deceased's widow and children, if any  not collateral relatives  would be the ones that were interested in the civil suit. The court sustained the objection to this question. The only way the witnesses could have had any interest in the lawsuit would be for somebody who did have an interest therein to offer to pay them from the proceeds of the judgment, if collected.
After conclusion of the State's case, appellant moved the court for permission to recall the witnesses who had testified for the State for the purpose of inquiring of them whether or not they would receive any financial interest in the damage suit filed in Copiah County against the appellant, and whether or not they had been offered any money or any portion of the money which might be recovered in the damage suit. The court stated that it would not permit testimony as to the pending civil lawsuit. The court did, however, agree that the witnesses might be recalled for an examination as to their being biased or prejudiced by virtue of their having received or having been offered any money to testify against appellant; and the court offered the appellant the privilege of recalling the witnesses for further cross-examination, if he desired.
The appellant did not avail himself of the opportunity to recall the witnesses and thereby waived his right of further cross-examination. This assignment is not well taken.
The next assignment argued is that the court erred in not granting appellant's motion for a mistrial because of alleged prejudicial remarks made by the district attorney in his closing argument, viz:
If you convict this man of murder the people outside will take note that the juries in this county are getting tough. If you don't they will also get that message.
In the first place, it will be noted that this statement was relative to a conviction of murder. The appellant was not convicted of murder but was convicted of manslaughter. When objection was made to this remark made by the district attorney, the court sustained the objection and instructed the jury to disregard that part of the argument.
The district attorney, of course, was merely expressing his opinion. He was not commenting on the failure of the defendant to testify; he was not abusing the defendant; he was not appealing to racial prejudice; and he was not going outside the record as to any evidence or facts relative to the killing.
While the district attorney probably should not have made this statement, it is difficult for us to see how this statement could have prejudiced the defendant.
Appellant also complains of the overruling of his motion for a new trial. The grounds thereof were principally the same grounds as those previously discussed herein, and we cannot say that the court erred in overruling such motion.
The case is affirmed.
Affirmed.
RODGERS, P.J., and BRADY, INZER, and ROBERTSON, JJ., concur.