304 So.2d 641 (1974)
George LANDERS
v.
STATE of Mississippi.
No. 48173.
Supreme Court of Mississippi.
December 23, 1974.
*642 R.W. Boydstun, Jr., Louisville, for appellant.
A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Special Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
Defendant was convicted in the Circuit Court of Winston County for the sale of marijuana and sentenced to serve 10 years in the penitentiary.
Defendant first contends that the verdict of the jury was against the overwhelming weight of the evidence. According to the State's case, two agents of the Mississippi Bureau of Narcotics went to the defendant's home for the purpose of purchasing marijuana. They talked with defendant and Roy Thompson, and thereafter drove to a deserted store, following directions given by Thompson, where Thompson secured 5 bags of marijuana from some bushes nearby. They returned to defendant's home and 5 additional bags of marijuana were secured from bushes near his home. The price of the marijuana was discussed and during the discussion an automobile operated by one Robert Hemphill arrived. Defendant told them that he was dealing with Robert Hemphill whereupon the agents asked defendant to talk to Hemphill and see if he couldn't reduce the price from $12 to $11 a lid. Defendant left the agents, went to the automobile of Hemphill and engaged in a conversation which the agents did not overhear. Defendant returned to the agents and told them that he would sell the marijuana for $11 per lid. Defendant then secured an additional 30 bags of marijuana from his automobile which was parked at his house. The agents counted out $440 in $20 bills in payment for the 40 bags of marijuana, handed it to Thompson who, in turn, handed it to defendant.
Defendant admitted that he was present when the marijuana was sold, but denied that he participated in the transaction and contended that the sale was made by Thompson. Defendant stated:
I talked the sale. I mean, we talked the price but as far as selling anything, if I buy a car from you, you give me the money and I give you the car I sold it, but I  if I don't give you the car and you don't give me the money, I hadn't sold it.
The jury rejected defendant's contention that he did not participate in the sale of the marijuana and there was ample evidence to support its verdict. We have repeatedly held that a jury verdict will not be set aside unless it is clear that such verdict is a result of bias, prejudice or fraud, or is manifestly against the weight of credible evidence. Nash v. State, 278 So.2d 779 (Miss. 1973); Campbell v. State, 278 So.2d 420 (Miss. 1973); McLelland v. State, 204 So.2d 158 (Miss. 1967).
Defendant contends in his second and third assignments of error that he did not receive a fair trial because: (1) the Circuit Judge should have recused himself because of the hostility of the Judge toward his attorney, and (2) the Circuit Judge made remarks directed toward counsel for defendant which influenced the jury and deprived him of a fair trial. We have carefully examined the testimony and the entire record in this cause and find these two assignments of error are without merit.
Defendant also argues that he was entitled to an instruction on entrapment. His defense was that, although he observed the sale, he had nothing to do with it and was merely an innocent bystander. Under these circumstances, defendant was not entitled to an instruction submitting the defense *643 of entrapment to the jury. If he did not participate in the transaction, he could not be entrapped. Jones v. State, 285 So.2d 152 (Miss. 1973); McCormick v. State, 279 So.2d 596 (Miss. 1973); Reeves v. State, 244 So.2d 5 (Miss. 1971); Hogan v. State, 233 So.2d 786 (Miss. 1970).
Affirmed.
GILLESPIE, C.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.