446 So.2d 1008 (1984)
Henderson SHARP, Jr.
v.
STATE of Mississippi.
No. 54525.
Supreme Court of Mississippi.
March 7, 1984.
Mose Lee Sudduth, Jr., Columbus, for appellant.
Bill Allain, Atty. Gen. by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and BOWLING and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Henderson Sharp, Jr. was indicted, tried and convicted in the Circuit Court of Lowndes County, for the crime of murder. He received a sentence of life in the custody of the Mississippi Department of Corrections.
The only assignment of error is the admission into evidence of three photographs of the body of the victim, W.E. Davis.
Two of the photographs show the body as it appeared in the morgue and were *1009 introduced through the testimony of the pathologist. The third photograph shows the body at the scene and was introduced through the testimony of a member of the Columbus Police Department.
The incident involved in the cause occurred on July 13, 1982. Sharp was an employee of a construction company engaged in work on a bridge on that date. During the day Sharp was dismissed from his job by the superintendent, W.E. Davis. Sharp then left the site, returning later in the day armed with a shotgun. He fired one shot which struck W.E. Davis. Sharp and Davis then engaged in a struggle which resulted in Davis falling from the bridge and landing in an excavation beneath the bridge. As a result of the gunshot wound, W.E. Davis died.
At the trial, appellant promptly objected to the admission of the photographs when they were offered, and he now argues that by admitting these photographs of the body the trial court abused its discretion as the photographs were gruesome, had no probative value, served no purpose but to inflame the jury and further that the shooting was not denied nor contradicted in any manner. Appellant further argues that the corpus delicti and the identity of the deceased had been established at the time the photographs were introduced. In taking this position, appellant relies upon our decision in Williams v. State, 354 So.2d 266 (Miss. 1978).
As a general rule in this state admissibility of photographs rests within the trial court's sound discretion and their admissibility will be upheld absent a showing of abuse of discretion. Ashley v. State, 423 So.2d 1311, 1316 (Miss. 1982). However, photographs of the victim should not ordinarily be admitted into evidence where the killing is not contradicted or denied and the corpus delicti and the identity of the deceased have been established. Shearer v. State, 423 So.2d 824, 827 (Miss. 1982); see also, Williams v. State, supra. Additionally, gruesome photographs which have no evidentiary purpose and which only arouse the emotions of a jury should not be admitted, but the mere fact that a photograph may arouse the emotions of jurors does not render it incompetent so long as the photograph serves a legitimate evidentiary purpose. May v. State, 199 So.2d 635, 640 (Miss. 1967); Shearer v. State, supra.
Here, the first two photographs did have evidentiary and probative value in that at the time of their admission into evidence the circumstances of the killing and the corpus delicti had not been established and the physician used the two photographs in supplementing clarity to his testimony as he described and related his findings as to the cause of death. The third photograph is objected to as serving no evidentiary purpose and as misleading in that the police officer testified that when he arrived at the scene the deceased's brother was holding the victim's head cradled in his lap. The officer further testified that this photograph accurately depicted the location of the body. Although the testimony indicates that the brother did slightly move the position of the deceased's head, there was no testimony to indicate that the body's location was moved at all.
Moreover, Mississippi Supreme Court Rule 11 requires that no "judgment shall be reversed on the ground of ... the improper admission ... of evidence ... unless it shall affirmatively appear ... that such judgment has resulted in a miscarriage of justice." All three of these photographs had probative value and were, therefore, admissible.
Even if the photographs had no probative value, in a case such as this, where the evidence weighs so heavily against the appellant and where the record shows no substantial prejudice to the appellant by admission of the photographs, such admission by the trial court was not reversible error.
It is clear that the one assignment of error propounded by appellant has no validity and the judgment of the trial court is affirmed.
AFFIRMED.
*1010 PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE and ROBERTSON, JJ., concur.
PRATHER, J., not participating.