GRIFFIN, Justice, for the Court:
This case, involving a rape, comes to the Court from the Circuit Court of the First Judicial District of Jones County. Upon conviction, the appellant, David Michael McFee, received a life sentence. We affirm.
I.
Between 8:15 and 8:30 a.m., on April 26, 1983, Joe Winstead went to the home of his *132 mother-in-law to check on her after she had failed to show up for work. Upon entering the bedroom, Winstead found her dead, lying on the bed. He put a cover over the body, then ran out of the room and called the Jones County Sheriffs Department.
Officer Morris Walker arrived on the scene between 8:45 and 9:00 a.m., and went into the victim’s bedroom and, together with several other law enforcement officers, made an investigation at the scene.
Later Dr. Sergio Gonzalez, a pathologist specializing in forensic pathology, conducted an autopsy. Dr. Gonzales examined the victim’s vaginal area where he found evidence of bruising and superficial lacerations at the entrance of the vagina. He stated that this bruising would be consistent with forcible sexual intercourse. He also noted some “defensive” wounds on the victim’s arms. Finally, he combed hair from the pubic area, giving this sample to Mrs. James of the Mississippi Crime Laboratory.
Joe Andrews, a forensic scientist specializing in hair and fiber identification at the Crime Lab, examined the samples. The sample taken from the victim was compared with the sample taken from David Michael McFee. Andrews gave his opinion that some pubic hair taken from the victim’s body had the same characteristics as McFee’s. Andrews, however, admitted that he could not make a positive identification from a hair comparison; he could only eliminate a person using this technique. The characteristics of the hair found on the body with those of the known sample of McFee hair did not eliminate McFee.
On May 5, 1983, after he had been taken into custody by the Jones County Sheriff’s Department, McFee made his first statement before a Mrs. Craven, Officer Morris Walters, Officer Summerall and Deputy Chief Paul Little. In that statement McFee admitted that he was at the victim’s home on April 26, 1983.
On May 16, 1984, David Michael McFee was formally charged with rape in an indictment returned by the Jones County Grand Jury. Following disposition of several pre-trial motions, several of which will be discussed below, the case was called for trial in Circuit Court on August 8, 1984. Following presentation of the evidence for the prosecution — McFee presenting no evidence in his own defense — the jury returned a verdict finding McFee guilty of rape and imposing the sentence of life imprisonment. Following denial of the usual post-trial motions, McFee has appealed, where the matter is now ripe for review.
II.
McFee’s first assignment of error is that the instant prosecution is precluded under the double jeopardy clauses of the federal and state constitutions. McFee has reference to the fact that he was originally indicted for the capital murder of the rape victim. Miss. Code Ann. § 97-3-19(2)(e) (Supp.1986). McFee subsequently entered into plea negotiations with the district attorney as a result of which an agreement was reached whereunder the charges against McFee were reduced to murder and the State recommended a sentence of life imprisonment in exchange for which McFee agreed to testify for the prosecution at the trial of his co-indictee, Eric Fuselier.[1] The plea bargain was consummated to the extent that the charge against McFee was reduced, the guilty plea was entered and accepted by the circuit court, which imposed upon McFee the sentence of life imprisonment.
McFee’s claim that the instant prosecution is precluded fails on several counts. First, he has not twice been put in jeopardy for the rape. In the capital murder indictment, McFee was charged with the underlying felony of burglary. Nothing in that indictment suggests that McFee committed rape. Insofar as the double jeopardy clauses are concerned, the prosecution was well within its prerogatives in seeking an indictment against McFee on the charge of rape, *133 and, thereafter, bringing the rape case to trial.[2] Smith v. State, 429 So.2d 252 (Miss.1983); Hughes v. State, 401 So.2d 1100, 1103 (Miss.1981).
McFee argues further that the plea-bargain agreement reached following the capital murder indictment encompassed all possible charges which might be brought out of the April 26, 1983, incident. McFee contends that the agreement of the prosecution was that, in exchange for McFee’s plea and truthful testimony against Fuselier, the prosecution would not only dismiss the capital portion of the murder charge but further bound itself to commence no further prosecution arising out of the April 26 incident.
To be sure, while there is no constitutional right to enforcement of a plea bargain, Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984), Allen v. State, 465 So.2d 1088 (Miss.1985), contractual principles of reliance may, under certain conditions, be enforced against the prosecution. Edwards v. State, 465 So.2d 1085 (Miss.1986); Salter v. State, 387 So.2d 81, 84 (Miss.1980). Here, however, the prosecuting attorneys wholly denied that there was ever any agreement that McFee would not be prosecuted on other charges. More important, the circuit court found as a fact that the terms of the plea-bargain agreement did not include an agreement by the State that it would not prosecute for the rape or any other charges that might arise out of the April 26 incident. As this finding is supported by substantial, credible evidence, we have no authority to reverse. See Neal v. State, 451 So.2d 743, 753 (Miss.1984).
The assignment of error is denied.
III.
McFee next argues that the instant rape prosecution was tainted by prosecutorial vindictiveness and is accordingly barred. The claim appears to stem from the fact that McFee testified at the Fuselier trial in a manner quite different from that which had been anticipated by the prosecution. See Fuselier v. State, 468 So.2d 45, 47-52 (Miss.1985).
Common sense may well leave a reader of the proceedings at the Fuselier trial with the definite impression that the district attorney was quite miffed over McFee’s vacillating memory of the events of April 26, 1983. Yet, however much he may believe that the instant rape prosecution was improperly motivated, McFee has simply not made his proof.
The assignment of error is denied.
IY.
McFee challenges the legal sufficiency of the evidence to undergird a verdict of guilty of the crime of rape. If we appreciate the point correctly, McFee is arguing that the evidence for the prosecution was so inadequate that his motion for a directed verdict of acquittal should have been granted. Alternatively, we understand McFee to challenge the weight of the evidence and to argue that in any event a new trial should be ordered.
When on appeal one convicted of a criminal offense challenges the legal sufficiency of the evidence, our authority to interfere with the jury’s verdict is quite limited. We proceed by considering all of the evidence — not just that supporting the case for the prosecution — in the light most consistent with the verdict. We give prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, reversal and discharge are required. On the other hand, if there is in the record substantial evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fair-minded jurors in the exercise of impartial *134 judgment might have reached different conclusions, the verdict of guilty is thus placed beyond our authority to disturb. See, e.g., Gavin v. State, 473 So.2d 952, 956 (Miss.1985); May v. State, 460 So.2d 778, 781 (Miss.1984).
McFee was brought to trial under an indictment charging him with the crime of rape. Miss.Code Ann. § 97-3-65(2) (1972). Before he could be convicted, the prosecution was required to prove that McFee had non-consentual sexual intercourse with the victim, a female person above the age of twelve years, by the use of force or threatening the use of force. Having in mind this definition of the offense and the established parameters upon our authority to review the jury’s verdict, we note the following: The fact that the victim was raped was established by the testimony of Dr. Gonzalez. As a part of his autopsy, Dr. Gonzales examined her vaginal area and found trauma consistent with recent forcible sexual intercourse. The photograph, State’s Exhibit 2, reflected that the victim’s pajama bottoms had been torn sufficient to allow access to the pubic area. The fact that she was found dead was more than sufficient to allow an inference that force was used in connection with the rape. Moreover, Dr. Gonzalez testified, without defense objection, that he found wounds on her arms consistent with one trying to fend off an attacker.
Proof that a rape occurred, the corpus delecti, is only a part of the State’s burden. The prosecution offered testimony that the victim’s pubic area was combed by State Crime Lab authorities and that there was found “One pubic hair of Caucasian origin which exhibits the same microscopic characteristics as the known pubic hairs of David McFee.”
On cross-examination, the Crime Lab expert conceded that he could “not make a positive identification from a hair comparison.” The hair sample comparison is a technique of exclusion, not positive identification. The evidence reflected that two individuals were present in the victim’s home on the morning of April 26, 1983: Eric Fuselier and David McFee. Joe E. Andrews, Jr., State Crime Lab Forensic Scientist specializing in hair and fiber identification, testified that he compared the pubic hairs found in the pubic area of the victim’s body with known pubic hairs from both David McFee and Eric Fuselier. Andrews found no hairs that exhibited the same microscopic characteristics as those of Fuselier. Fuselier, therefore, was excluded.
The exclusion of Fuselier, coupled with McFee’s presence on the scene, the identification of a pubic hair possessing the same characteristics as McFee’s, and the proof that the victim had been raped, are sufficient to place the jury’s verdict beyond our authority to disturb. It may well be, as defense counsel argue, that there are many other men whose pubic hairs possess the same characteristics as that found on the victim’s body; yet, there is no evidence in the record that any of those others were present in her home on the morning of April 26, 1983.
This assignment of error is denied.
V.
Lastly, McFee contends that the prosecution prejudiced the jury with repeated references to the victim’s death, allowing the jury to infer a connection with the rape, for which McFee was on trial. Specifically, McFee objects to the introduction of photographs showing the victim’s body and to the prosecutor’s remarks during opening and closing arguments. These instances, viewed individually and corporately, are not grounds for reversal.
Previously, this Court has held that the admissibility of photographs rests within the sound discretion of the trial judge, whose decision will be upheld absent abuse of that discretion. Kelly v. State, 463 So.2d 1070, 1074 (Miss.1985). See also, Watson v. State, 483 So.2d 1326, 1328 (Miss.1986); Stevens v. State, 458 So.2d 726, 729 (Miss.1984); Sharp v. State, 446 So.2d 1008, 1009 (Miss.1984). Yet, photographs which are gruesome or inflammatory and lack an evidentiary purpose are always inadmissible as evidence. Cabello *135 v. State, 471 So.2d 332, 341 (Miss.1985); Billiot v. State, 454 So.2d 445, 459-60 (Miss.1984).
In the present case, the State introduced two photographs, one showing the lower portion of the victim’s body, clad in blood-stained pajama pants, torn to expose the pubic area, and the other again depicting the lower portion of the victim’s body, this time clearly situated on the side of a bed, with her feet touching the floor. Neither photograph displayed any stab wounds nor manifested an ordinately gruesome scene. See Lewis v. State, 454 So.2d 1306, 1307 (Miss.1984); Groseclose v. State, 440 So.2d 297, 301 (Miss.1983).
Certainly, both photographs were sufficiently relevant and material to support their admission. For example, the first photograph, which showed the tom pajama pants, was evidence to support the State’s contention of non-consentual sexual intercourse. The second photograph, which showed the crime scene, was admissible as well. Gardner v. State, 455 So.2d 796, 800 (Miss.1984). In addition, this Court has consistently allowed photographic evidence to support the testimony of witnesses, here, Joe Winstead and Officer Morris Walters, who described the scene upon their respective arrivals. Edwards v. State, 413 So.2d 1007, 1011 (Miss.1982); Hughes v. State, 401 So.2d 1100, 1106 (Miss.1981); Irving v. State, 361 So.2d 1360, 1366 (Miss.1978).
Moreover, Mississippi Supreme Court Rule 11 states, “No judgment shall be reversed on the ground of ... improper admission or exclusion of evidence, ... unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice.” Even if the Court then had found the photographs’ admission improper, there is no affirmative appearance of injustice under the factual circumstances of this case previously outlined to permit a reversal of the conviction. See, Sharp v. State, 446 So.2d 1008, 1009 (Miss.1984).
McFee next contends that the trial court erred when it failed to grant a mistrial based upon the prosecutor’s remarks during opening and closing arguments. In particular, McFee maintains that the prosecutor’s reference to him as “animalistic,” as well as to the victim’s stab wounds during opening argument, and to his comment that the “only thing that will put [the victim’s] spirit to rest is to convict the Defendant for the crime that this man committed,” during closing argument, was highly prejudicial to the defense, requiring reversal.
Where a prosecutor engages in conduct such that the defendant’s right to a fair trial is substantially impaired, and where the trial judge improperly fails to grant a mistrial, this Court will reverse on appeal. Hickson v. State, 472 So.2d 379, 384 (Miss.1985); Clemons v. State, 320 So.2d 368, 372 (Miss.1975); Pieratt v. State, 235 So.2d 923, 924-25 (Miss.1970). Yet, a timely objection, promptly sustained with an instruction for the jury to disregard the prosecutor’s comments, is generally sufficient to dissipate any taint of prejudice. Johnson v. State, 477 So.2d 196, 210 (Miss.1985); Hanner v. State, 465 So.2d 306, 311 (Miss.1985); Terrell v. State, 262 So.2d 179, 181 (Miss.1972).
In the present case, the prosecutor characterized McFee as “animalistic,” when referring to the victim’s stab wounds. McFee’s counsel objected, asking both for an instruction to disregard the comments and for a mistrial. The trial judge then told the jury to disregard the prosecutor’s description of the defendant, but denied the motion for a mistrial.
Clearly, it is impermissible for the prosecutor to abuse or vilify the defendant in his arguments before the jury, thereby appealing to its passion or prejudice. Curry v. State, 328 So.2d 328, 330 (Miss.1976); Stewart v. State, 263 So.2d 754, 758-59 (Miss.1972), Craft v. State, 226 Miss. 426, 434, 84 So.2d 531, 534-35 (1956). Yet, consistent with the authority cited above, there is no error where, as here, the trial judge sustains a seasonable objection, instructing the jury to disregard the comment.
*136 Though not assigned as error, the Court also notes the exchange between the prosecutor and Dr. Sergio Gonzalez, a board certified pathologist, who testified for the State. When asked, “From your examination, could you determine whether or not [the victim] had shown any resistance toward her attacker?” he answered, “Well, this lady sustained forty-one stab wounds and obviously....” At this point, defense counsel objected. The trial judge, though overruling the objection, then stated, “Let me make this explanation to the jury. We are trying a rape case only in this trial and that’s the only thing we are trying, is a rape case.” Bearing on the issue of the evidence’s cumulative effect, we again hold that a jury is presumed to follow the trial judge’s instructions. Arteigapiloto v. State, 496 So.2d 681, 685 (Miss.1986); Cabello v. State, 490 So.2d 852, 857 (Miss.1986); Sand v. State, 467 So.2d 907, 911 (Miss.1985).
Finally, McFee contends that the lower court erred when it refused to grant a mistrial, based upon the prosecutor’s remark in closing argument that the victim’s spirit would rest more easily upon the defendant’s conviction. Based upon the evidence necessarily presented to the jury and discussed below, its members were already aware of the victim’s death. They were also aware that the charge then pending against McFee was rape.
The cases previously cited which hold that a jury is presumed to follow a trial judge’s instruction gravitate against a reversal. To hold otherwise, this Court must give weight to an alleged insinuation, cryptic at best, overturning a jury’s verdict, which is not against a preponderance of the evidence nor clearly the result of prejudice, bias, or fraud. Dorrough v. State, 437 So.2d 35, 36-37 (Miss.1983); Ainsworth v. State, 304 So.2d 656, 657 (Miss.1974); Landers v. State, 304 So.2d 641, 642 (Miss.1974). Indeed, there is nothing to suggest that such a remark concerning a victim’s spiritual repose, whether dead or alive, is in itself grounds for reversal.
In sum, McFee contends that the cumulative effect of the alleged errors was sufficient to prejudice the jury, essentially allowing the State to convict him not of rape, but of murder. Yet, as discussed, neither the introduction of the photographs nor the prosecutor’s comments constituted reversible error. As there was no reversible error in any part, so there is no reversible error to the whole.
In Gray v. State, 351 So.2d 1342, 1345 (Miss.1977), the Court stated,
It is well settled in this state that proof of a crime distinct from that alleged in an indictment is not admissible against an accused. There are certain recognized exceptions to the rule. Proof of another crime is admissible where the offense charged and that offered to be proved are so connected as to constitute one transaction, where it is necessary to identify the defendant, where it is material to prove motive and there is an apparent relation or connection between the act proposed to be proved and that charged, where the accusation involves a series of criminal acts which must be proved to make out the offense, or where it is necessary to prove scienter or guilty knowledge, (emphasis added).
See also, Graves v. State, 492 So.2d 562, 564 (Miss.1986); Trunell v. State, 487 So.2d 820, 825 (Miss.1986); Minor v. State, 482 So.2d 1107, 1111 (Miss.1986). In short, evidence of a defendant’s other crimes is admissible, where it is “integrally related in time, place, and fact” to that for which he stands trial, thereby permitting the State to tell a “rational and coherent story of what happened to [the victim].” Neal v. State, 451 So.2d 743, 759 (Miss.1984).
In this case, the victim suffered rape and murder on April 26, 1983. The attendant circumstances, including the victim’s death, were necessarily admissible, where otherwise, the State would be unable to present its proof of the rape. Though unfortunate, references to other crimes committed against the same victim at the same time by the same defendant are sometimes required in the interest of justice. Here, the trial judge properly admitted into evidence photographs relevant and material to the rape, instructed the jury to disregard the *137 prosecutor’s comment concerning McFee’s “animalistic” nature, and cautioned it to consider only the charge of rape when ruling on the pathologist’s statement relating to the multiple stab wounds which evidenced the victim’s defense to her attacker.
Significantly, this case does not involve prosecutorial misconduct sufficiently grievous to merit a reversal. But see, Hughes v. State, 470 So.2d 1046, 1048 (Miss.1985); Eubanks v. State, 419 So.2d 1330, 1332 (Miss.1982); Collins v. State, 408 So.2d 1376, 1381 (Miss.1982); Massey v. State, 393 So.2d 472, 474-75 (Miss.1981); Kill-ingsworth v. State, 374 So.2d 221, 225 (Miss.1979); Sumrall v. State, 272 So.2d 917, 919 (Miss.1973). Rather, the prosecutor’s remarks met with proper rulings and comments from the bench.
The assignment of error is denied.
Consistent with the above, we affirm.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE and ANDERSON, JJ., concur.
ROBERTSON and PRATHER, JJ., concur in Sections I-IY and dissent as to Section V.
SULLIVAN, J., joins in the dissent portion only of J. ROBERTSON’S Opinion.
HAWKINS, P.J., and SULLIVAN, J., dissent.

. We reviewed the Fuselier trial and specifically McFee's testimony on that occasion in Fuselier v. State, 468 So.2d 45, 47-52 (Miss.1985).

. Had McFee been acquitted on the capital murder/burglary charge, it may well have been that the rape prosecution would have been precluded. See Sanders v. State, 429 So.2d 245 (Miss.1983).