GRIFFIS, J.,
for the Court. '
¶ 1. Eroll Mann was convicted of burglary of a business under Mississippi Code Annotated Section 97-17-33 (Rev.2000). He was sentenced as an habitual offender, under Mississippi Code Annotated Section 99-19-81 (Rev.2000), to serve seven years in the custody of the Mississippi Depart *269 ment of Corrections, without the possibility of parole.
FACTS
¶ 2. Around midnight on January 13, 2002, Mann was stopped for driving with one headlight by Sergeant Jonathan Crawford and Officer Carolyn Kirkland of the Jackson Police Department. Mann had a passenger, Marty Rippee, with him. When Officer Kirkland approached the vehicle she noticed several containers of motor oil and gasoline additive in large storage crates, as well as a new car battery, in the bed of the truck. Officer Kirkland immediately became suspicious because of the large quantities of oil and gasoline additive. She remarked that Mann “must have caught a sale,” and he replied that the items belonged to his passenger.
¶ 3. Sergeant Crawford then noticed a large amount of broken glass on the clothing of Mann and Rippee and grew more suspicious. He radioed for patrol cars in the area to check for possible business burglaries in which glass had been broken. Shortly thereafter, Officer Veronica Manee discovered that the glass door of Southern Auto Supply had been smashed and radioed Sergeant Crawford. Southern Auto Supply was approximately two blocks from where Mann had been stopped. At the time of the stop, Mann was traveling away from the Southern Auto Supply store. Upon learning of the break-in, Sergeant Crawford arrested Mann and Rippee.
¶ 4. Mann told Sergeant Crawford and Officer Kirkland that he had picked Rip-pee up on Lynch Street, three miles away from the auto supply store, and that the items belonged to Rippee. The officers observed that there was no way Rippee would have been able to carry the items from the store to Lynch Street, and Rip-pee denied ownership of the items. At the police precinct, Mann told Detective Dexter McLaurin that he had picked Rippee up in a totally different location.
¶ 5. The owner of Southern Auto Supply, William Hicks, appeared at his store shortly after Officer Manee discovered the break-in. Hicks identified the items recovered from Mann’s truck as inventory from his store.
¶ 6. Mann now appeals and asserts that (1) the trial court erred in denying his motion for directed verdict and his motion for judgment notwithstanding the verdict, (2) the trial court erred in denying his motion for a new trial, and (3) the State engaged in such prejudicial conduct as to deny him a fair trial.
ANALYSIS

I. Whether the trial court erred in denying Mann’s motions for directed verdict and judgment notwithstanding the verdict.

¶ 7. Mann contends that the trial court erroneously overruled his motions for directed verdict and for judgment notwithstanding the verdict because the State failed to prove all elements of the charge of burglary beyond a reasonable doubt. Mississippi Code Annotated Section 97-17-33 (Rev.2000), in pertinent part, provides:
Every person who shall be convicted of breaking and entering, in the day or night, any shop, store ... in which any goods, merchandise, equipment or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony ... shall be guilty of burglary, and imprisoned in the penitentiary not more than seven (7) years.
¶ 8. Motions for directed verdict and judgment notwithstanding the verdict implicate the sufficiency of the evidence. *270 Gleeton v. State, 716 So.2d 1083, 1087 (¶ 14) (Miss.1998) (superseded on other grounds). Our standard of review on the question of the legal sufficiency of the evidence is clearly defined. In Manning v. State, 735 So.2d 323, 333 (¶ 10) (Miss.1999), the Mississippi Supreme Court held:
When on appeal one convicted of a criminal offense challenges the legal sufficiency of the evidence, our authority to interfere with the jury’s verdict is quite limited. We proceed by considering all of the evidence — not just that supporting the case for the prosecution — in the light most consistent with the verdict. We give [the] prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, reversal and discharge are required. On the other hand, if there is in the record substantial evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions, the verdict of guilty is thus placed beyond our authority to disturb.
It must be remembered that it is the duty of the jury to assess the credibility of witnesses. Hubbard v. State, 819 So.2d 1192,1196 (¶ 12) (Miss.2001).
¶ 9. According to the evidence presented to the jury, Mann was stopped for driving with a burned-out headlight. The police officers noticed a large quantity of containers of motor oil and gasoline additive in the bed of his truck. The officers testified that Mann denied ownership of the items, claiming they belonged to his passenger. However, the passenger, Rip-
pee, also denied ownership of the items. The jury also heard testimony, by several police officers, that Mann and Rippee both had large quantities of broken glass on then- clothing. Finally, the jury heard testimony that Southern Auto Supply, located two blocks away from where Mann was stopped, had been broken into and the store’s owner identified the items recovered from Mann’s vehicle as inventory from his store.
¶ 10. The reasonable inferences from the State’s evidence establish that Mann and Rippee broke the glass door of Southern Auto Supply, entered the store, stole the merchandise, placed it in the back of Mann’s truck, drove away, and were making their getaway when they were fortuitously stopped for driving with a burned-out headlight.
¶ 11. Considering all of the facts and circumstances, it was a logical inference for the jury to find that Mann had committed a breaking and entering of a store with the intent to steal therein as required under Mississippi Code Annotated Section 97-17-33 (Rev.2000) to establish the crime of burglary of a business. Thus, we find that the evidence was sufficient for the jury to find Mann guilty of the crime of burglary of a business.

II. Whether the trial court erred in denying Mann’s motion for a new trial.

¶ 12. Mann contends that he is entitled to a new trial because the evidence was insufficient to convict him. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss.1998). For
*271 ¶ 13. Without restating the evidence previously discussed, we find that the evidence presented supported the jury’s verdict of burglary of a business. Accepting as true the evidence which supports the verdict, we find the circuit court did not abuse its discretion in denying a new trial. We conclude that allowing the verdict to stand does not constitute an unconscionable injustice. Therefore, this Court will not disturb the jury’s verdict on appeal.

III. Whether the State engaged in such prejudicial conduct as to deny Mann a fair trial.

¶ 14. Mann next contends that the State engaged in prejudicial conduct that denied him a fair trial. This issue is proeedurally barred because it has been raised for the first time on appeal. Alexander v. State, 759 So.2d 411, 421 (¶ 35) (Miss.2000). As an appellate court, this Court can only try questions that have been tried and passed upon by the court from which the appeal is taken. Id. Even if this issue were not proeedurally barred, however, we find that it is without merit.
¶ 15. Mann first complains of the following question asked by the prosecutor during voir dire, “Is there anyone who would disagree with the statement that criminals plan their crimes in ways that there will not be many witnesses?” Mann objected, urging that this was an improper statement. The trial court sustained the objection and instructed the venire to disregard the statement.
¶ 16. In McFee v. State, 511 So.2d 130, 135 (Miss.1987), the Mississippi Supreme Court held that “a timely objection, promptly sustained with an instruction for the jury to disregard the prosecutor’s comments, is generally sufficient to dissipate any taint of prejudice.” We find that because Mann’s timely objection was sustained with an instruction to disregard the statement, no error resulted from the prosecutor’s question.
¶ 17. Mann also complains of the next question asked by the prosecutor during voir dire, “Does anyone think we should not try a case where there are no eyewitnesses?” Mann objected and the trial court sustained his objection. Mann requested neither an admonishment to the jury nor a mistrial, and as such, he cannot claim error in this instance. Weatherspoon v. State, 732 So.2d 158, 164 (¶ 16) (Miss.1999).
¶ 18. Mann finally complains of the following remarks made by the prosecutor in his closing argument:
You know, it never ceases to amaze me what defense attorneys get up here and say in defense of their clients.
[[Image here]]
It never ceases to amaze me that they don’t want me to tell you what’s really going on either. But [defense counsel] got up here and she said speculation. First of all, there is no speculation that there were items stolen from that store....
After these remarks, Mann entered a general objection, which was overruled by the trial court, with the comment that “this is argument.” Based upon the holding in Seeling v. State, 844 So.2d 439, 445 (¶ 17) (Miss.2003), Mann failed to preserve any issue for review on appeal by failing to specify a ground for his objection.
¶ 19. In each instance Mann complains of, the situation was either properly *272 remedied by the trial court or Mann failed to properly preserve the issue for review. *271 this Court to disturb the verdict on appeal, it must be so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Id.
*272 ¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF BUSINESS BURGLARY AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER AND BARNES, JJ. CONCUR.